IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : NO. 4:17-CR-00403 |
| | : |
| v. | : (Judge Brann) |
| | : |
| RAYMOND KRAYNAK | : (Electronically Filed) |
| Defendant | : |

## BRIEF IN SUPPORT OF MOTION FOR DISCLOSURE OF OFFICERS' ROUGH NOTES AND RECORDINGS PURUSANT TO F.R.C.P 16(a)(1)(E)(i)

AND NOW comes the Defendant, Raymond Kraynak, by his attorneys, Thomas A. Thornton and Gerald A. Lord, Assistant Federal Public Defenders, and files this brief in support of the motion for disclosure of officers' rough notes and recordings.

I. Argument

The government should disclose any rough notes and/or recordings of interviews of witnesses they intend to use in their case in chief pursuant to 16(a)(1)(E )(i) because they are material to preparing a defense and may be used by the government to refresh recollection during trial.

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) permits disclosure of documents or tangible items that are "material" to preparing the defense upon request. It is believed that the government has in its possession the rough notes and/or recordings of interviews of witnesses who will testify during the government's case in chief. Those notes and/or recordings memorialize interviews with material witnesses. They will be used to corroborate and refresh recollection at trial. They should also be available for use by the defense.

In *United States v. Armstrong*, 517 U.S. 456, 462 (1996), the Supreme Court held that "material to the preparation of the defendant's defense" does not apply to documents that are material to a claim that might constitute a "sword" to attack the charges. Rather, the Court held that rule 16 discovery is limited to documents that are material to the defendant's "shield" to the Government's case in chief. The notes and/or recordings requested will shield Dr. Kraynak from exaggeration and intentional or unintentional failures of witness recollection as well as advise him of the pitfalls of any defense.

Given the varying facts of each case, courts have differed in how they have defined materiality under Rule 16. In *United States v. Buckley*, 580 6F 2nd 498, 506 (5th Cir. 1978), the 5th Circuit defined materiality as "some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant to significantly alter the quantum of proof in his favor." The D.C. Circuit has held

2

that even inculpatory information is subject to disclosure because "it is just as important to the preparation of a defense to know its potential pitfalls as it is to know its strengths." *United States v. Marshall*, 130 2F 3rd 63, 67 (D.C. Cir. 1998). The Ninth Circuit called materiality a "low threshold" and found that "information is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

   II.   Conclusion

Dr. Kraynak cannot be expected to be able to request these discovery items with particularity when he knows little regarding the specific nature of the documents or tangible items sought. *See* Fed. R. Crim. P 16 advisory committee's Notes to 1974 amendments. The rough notes and/or recordings are material to the defense of Dr. Kraynak. They should be preserved and provided to defense counsel. If the government contests disclosure, Dr. Kraynak asks that the court conduct an *in camera* review to determine whether the contested items are material and discoverable.

Date:  May 10, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas A. Thornton* | */s/Gerald A. Lord* |
| Thomas A. Thornton, Esquire | Gerald A. Lord, Esquire |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Attorney ID# 44208 | Attorney ID# PA49539 |
| 100 Chestnut Street, Suite 306 | 330 Pine Street, Suite 302 |
| Harrisburg, PA  17101 | Williamsport, PA 17701 |
| TEL: 717-782-2237 | TEL: 570-323-9314 |
| FAX: 717-782-3881 | FAX: 570-323-9836 |
| *thomas_thornton@fd.org* | *gerald_lord@fd.org* |
| *Attorney for Raymond Kraynak* | *Attorney for Raymond Kraynak* |

# **CERTIFICATE OF SERVICE**

Thomas A. Thornton and Gerald A. Lord, Assistant Federal Public Defenders, do hereby certify that this document, the foregoing **Brief in Support of Motion for Disclosure of Officers' Rough Notes and Recordings,** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

>William Behe, Esquire
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Harrisburg / Williamsport, Pennsylvania, addressed to the following:

>Raymond Kraynak

Date: May 10, 2021

| | |
|---|---|
| *s/Thomas A. Thornton* | *s/Gerald A. Lord* |
| Thomas A. Thornton | Gerald A. Lord, Esquire |
| Assistant Federal Public Defender | Assistant Federal Public Defender |