IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 4:17-CR-00403 |
| | : |
| v. | : (Judge Brann) |
| | : |
| RAYMOND KRAYNAK | : (Electronically Filed) |

MOTION *IN LIMINE* TO PRECLUDE EVIDENCE
UNDER F.R.E 402, 403 AND 404

AND NOW, comes the defendant, Raymond Kraynak, by his attorneys Thomas A. Thornton and Gerald A. Lord of the Federal Public Defender's Office, and files this Motion *in Limine* to Preclude Evidence Under F.R.E. 402, 403 and 404.

1. On December 20, 2017, an Indictment was filed charging Raymond Kraynak with the unlawful distribution and dispensing of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 through 12); unlawful distribution and dispensing of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 13-17); and maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (Count 18 and 19).

2. On December 21, 2017, Raymond Kraynak appeared before Magistrate Judge Susan E. Schwab for an initial appearance and arraignment. The Federal Public Defender was appointed to represent Dr. Kraynak.

3. By order of February 4, 2021, this Honorable Court scheduled jury selection and trial for September 7, 2021, set the deadline for filing pretrial motions and briefs to be filed on or before May 10, 2021 and set the deadline for filing motions *in limine* to be filed on or before June 7, 2021. (Doc. 101).

4. The Pennsylvania Legislature established the Prescription Drug Monitoring program for Pennsylvania (Pa. PDMP) by Act 91 of 2014. Other states have previously adopted similar monitoring programs.

5. The purpose of the Act is (1) to be used as a tool to increase the quality of patient care by giving prescribers and dispensers access to a patient's controlled substance prescription medication history, which will alert medical professionals to potential dangers for the purposes of making treatment determinations; and (2) to aid regulatory and law enforcement agencies in the detection of fraud , drug abuse and diversion of controlled substances.

6. Dispensers were required to begin submitting that information on January 1, 2017.

7. All of the distribution charged in the indictment occurred before 2017.

8. In paragraphs 9 -12 of the indictment, the government uses the Pa. PDMP to make allegations regarding the number and percentage of pills prescribed by Dr. Kraynak.

9. While counsel has not received formal F.R.C.P. 404(b) notice, this is clearly an attempt to introduce extrinsic evidence of wrongdoing or other acts.

10. The government was also provided a letter from an attorney at Anthem Blue Cross/Blue Shield written on May 15, 2015.

11. That letter references allegations and conclusions by Express Scripts, which is Anthem's Pharmacy Benefits Manager, regarding quantities, types and combinations of medications prescribed by Dr. Kraynak.

12. This letter goes on to describe other "Insurance Company Complaints" that constitute allegation of inadmissible wrongs or other acts.

13. Dr. Kraynak requests that this Honorable Court preclude the government from introducing any evidence regarding: 1) the PDMP, 2) any evidence regarding combinations of controlled substances; 3) any evidence from Anthem Blue Cross/Blue Shield concerning numbers of prescriptions, percentages, comparisons to other physicians and insurance company complaints.

14. Such evidence is not admissible as intrinsic evidence, nor would it be admissible pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence.

15. Evidence is intrinsic if it falls into one of two categories: 1) if it directly proves the charged offense; or 2) uncharged acts performed contemporaneously with the charged crime are intrinsic if they facilitate the commission of the charged crime.

16. All else must be analyzed under Rule 404(b). Here, the government seeks to introduce evidence which was neither performed contemporaneously with the charged crimes nor did it facilitate the charged crimes and seems to be offered only to paint Dr. Kraynak with the sticky taint of propensity.

**Rule 404(b)**

17. If the court finds the evidence to be extrinsically related to the wrongs charged, the court must subsequently evaluate whether evidence of other crimes or acts is admissible under Rule 404(b) based on a four-part test:

> (1) [T]he evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.

18. Here, the government cannot articulate a purpose that would exempt such evidence from the general rule that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. *See* Rule 404(b)(1).

**Rule 402 and 403**

19. All evidence must be relevant to be admitted under F.R.E. 402. Moreover, if the Court finds that such evidence is relevant, the evidence would be precluded pursuant to Rule 403 of the Federal Rules of Evidence which provides in relevant part:

"[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

20. In this case, the alleged uncharged wrong or other acts are irrelevant, would unduly prejudice Dr. Kraynak, confuse and mislead the jury, and cause undue delay.

21. The evidence the government seeks to introduce should be excluded from trial as the prejudicial impact certainly outweighs the benefit to the government, which has actual patients to present at trial.

WHEREFORE, for the foregoing reasons, Dr. Kraynak respectfully requests that this Honorable Court grant his Motions *in Limine*.

Date: June 7, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas A. Thornton* | */s/Gerald A. Lord* |
| Thomas A. Thornton, Esquire | Gerald A. Lord, Esquire |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Attorney ID# 44208 | Attorney ID# PA49539 |
| 100 Chestnut Street, Suite 306 | 330 Pine Street, Suite 302 |
| Harrisburg, PA  17101 | Williamsport, PA 17701 |
| TEL: 717-782-2237 | TEL: 570-323-9314 |
| FAX: 717-782-3881 | FAX: 570-323-9836 |
| *thomas_thornton@fd.org* | *gerald_lord@fd.org* |
| *Attorney for Raymond Kraynak* | *Attorney for Raymond Kraynak* |

# **CERTIFICATE OF SERVICE**

Thomas A. Thornton and Gerald A. Lord, Assistant Federal Public Defenders, do hereby certify that this document, the foregoing motion**,** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

> WILLIAM BEHE, ESQUIRE
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Harrisburg / Williamsport, Pennsylvania, addressed to the following:

> RAYMOND KRAYNAK

Date: June 7, 2021

| | |
|---|---|
| *s/Thomas A. Thornton* <br> Thomas A. Thornton <br> Assistant Federal Public Defender | *s/Gerald A. Lord* <br> Gerald A. Lord, Esquire <br> Assistant Federal Public Defender |