IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 4:17-CR-00403 |
| | : |
| v. | : (Judge Brann) |
| | : |
| RAYMOND KRAYNAK | : (Electronically Filed) |

**BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE UNDER F.R.E 402, 403 AND 404**

AND NOW, comes the defendant, Raymond Kraynak, by his attorneys Thomas A. Thornton and Gerald A. Lord of the Federal Public Defender's Office, and files this Brief in Support of Motion *in Limine* to Preclude Evidence Under F.R.E. 402, 403 and 404.

    I.    **Factual and Procedural History**

On December 20, 2017, an Indictment was filed charging Raymond Kraynak with the unlawful distribution and dispensing of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 through 12); unlawful distribution and dispensing of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 13-17); and maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (Count 18 and 19).

On December 21, 2017, Raymond Kraynak appeared before Magistrate Judge Susan E. Schwab for an initial appearance and arraignment. The Federal Public Defender was appointed to represent Dr. Kraynak.

By order of February 4, 2021, this Honorable Court scheduled jury selection and trial for September 7, 2021. Pretrial motions and briefs were filed on May 10, 2021. Motions *in Limine* are due on or before June 7, 2021. Simultaneously herewith, Dr. Kraynak filed a motion *in limine* to preclude evidence under F.R.E. 402, 403 and 404 and now files this supporting brief.

## II.   Argument

### 1. The evidence sought to be excluded is not intrinsic to the crimes charged.

Evidence is intrinsic if it falls into one of two categories: 1) if it directly proves the charged offense; or 2) uncharged acts performed contemporaneously with the charged crime are intrinsic if they facilitate the commission of the charged crime. *See United States v. Green*, 617 F.3d 233, 248-49 (3rd Cir. 2010) (citations omitted).[1]  All else must be analyzed under Rule 404(b). *Id.*

---

[1] The Third and Seventh Circuits have explicitly rejected the "inextricably intertwined" test as a test for intrinsic evidence. *Green, supra*; *United States v. Gorman*, 613 F.3d 711, 719 (7th Cir. 2010). Other courts admit other act evidence as "inextricably intertwined" with charged acts. *See e.g.*, *United States v. Rodriguez-Estrada*, 877 F.2d 153, 155-56 (1st Cir. 1989); *United States v. Hsu*, 669 F.3d 112, 118 (2nd Cir. 2012); *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007); *United States v. Hall*, 604 F.3d 539, 543 (8th Cir. 2010); *United States v. Dorsey*,

Here, the government seeks to introduce evidence of irrelevant wrongs and other acts. There is no need to introduce such evidence to prove the charged conduct. Such evidence is neither performed contemporaneously with the charged crimes nor does it facilitate the charged crimes. *See generally, United States v. Miller*, 105 S. Ct. 1811, 1815 (1985)(noting that a part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored). The government is simply trying to bring propensity evidence in the backdoor. The evidence sought to be excluded does not further any element of the offenses that the government is required to prove. Therefore, it must be analyzed under Rule 404(b).

### 2. The evidence sought to be excluded is improper character evidence and not properly admitted under Rule 404(b).

If the court finds the evidence to be extrinsically related to the crime charged, the court must subsequently evaluate whether evidence of other crimes or acts is admissible under Rule 404(b)[2] based on a four-part test:

> (1) [T]he evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.

---

677 F.3d 944, 952 (9th Cir. 2012); and *United States v. Troya*, 733 F.3d 1125, 1132 (11th Cir. 2013).
[2] FED. R. EVID. 404(b).

*Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006); *United States v. Cross*, 308 F.3d 308, 320 (3rd Cir. 2002). The court is particularly concerned with ensuring that the evidence is admitted for a proper purpose. "In general, we favor the admission of Rule 404(b) evidence when it is relevant for any other purpose than to show the defendant's propensity to commit the charged offense." *Daraio*, 445 F.3d at 263. In order to show that the evidence has a proper purpose and is relevant, the "proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Himelwright*, 42 F.3d 777, 782 (3rd Cir. 1994). The court is cautious when admitting such evidence "because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character." *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992).

    Here, the government must articulate a purpose that would exempt such evidence from the general rule that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. *See* Rule 404(b)(1).

### 3. The Evidence Should Be Excluded Pursuant to Rule 402 because it is irrelevant and under Rule 403 Because the Prejudice Outweighs the Probative Value.

Rule 403 of the Federal Rules of Evidence provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In this case, admission of the alleged uncharged wrongs or other acts would unduly prejudice Dr. Kraynak, confuse and mislead the jury, and cause undue delay. The evidence is irrelevant, unduly prejudicial and impugns Dr. Kraynak's character with the sticky taint of propensity.

In other cases, courts have considered the strength of the government's case in deciding whether the prejudicial impact outweighs the probative value of the evidence. In *United States v Mathis,* 264 F.3d 321 (3rd Cir. 2001)*,* the Third Circuit Court of Appeals upheld the District Court which allowed the testimony of an unindicted co-conspirator concerning eleven uncharged bank robberies in a bank robbery prosecution even though it did entail some risk of unfair prejudice because the evidence from the co-conspirator was the only evidence directly describing the conspiracy. *Id*. at 328.  Similarly, in *United States v. Cardenas*, 895 F.2d 1338, (11th Cir. 1990), the court found that the probative value outweighed

the prejudicial impact of prior drug dealings in a drug prosecution when the government made a strong showing of a need for the evidence as the government did not have powerful proof besides the testimony of two co-conspirators that Cardenas intended to become an actor in the conspiracy to distribute cocaine in Gainesville. *Id.* at 1343-44.

Unlike the preceding two cases, the government has many witnesses and documents to prove its case. Thus, the evidence the government seeks to introduce should also be excluded from trial as the prejudicial impact certainly outweighs the benefit to the government.

### III.  Conclusion

Dr. Kraynak respectfully asks the court to preclude the use of any of the above-challenged evidence during trial for any purpose.

Date:  June 7, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas A. Thornton*<br>Thomas A. Thornton, Esquire<br>Assistant Federal Public Defender<br>Attorney ID# 44208<br>100 Chestnut Street, Suite 306<br>Harrisburg, PA  17101<br>TEL: 717-782-2237<br>FAX: 717-782-3881<br>*thomas_thornton@fd.org*<br>*Attorney for Raymond Kraynak* | */s/Gerald A. Lord*<br>Gerald A. Lord, Esquire<br>Assistant Federal Public Defender<br>Attorney ID# PA49539<br>330 Pine Street, Suite 302<br>Williamsport, PA 17701<br>TEL: 570-323-9314<br>FAX: 570-323-9836<br>*gerald_lord@fd.org*<br>*Attorney for Raymond Kraynak* |

# CERTIFICATE OF SERVICE

Thomas A. Thornton and Gerald A. Lord, Assistant Federal Public Defenders, do hereby certify that this document, the foregoing **Brief In Support Of Motion *in Limine* to Preclude Evidence Under F.R.E. 402, 403 and 404** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

> WILLIAM BEHE, ESQUIRE
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Harrisburg / Williamsport, Pennsylvania, addressed to the following:

> RAYMOND KRAYNAK

Date: June 7, 2021

| | |
|---|---|
| *s/Thomas A. Thornton* | *s/Gerald A. Lord* |
| Thomas A. Thornton | Gerald A. Lord, Esquire |
| Assistant Federal Public Defender | Assistant Federal Public Defender |