IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 4:17-CR-00403 |
| | : |
| v. | : (Judge Brann) |
| | : |
| RAYMOND KRAYNAK | : (Electronically Filed) |

**RESPONSE TO GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION *IN LIMINE***

AND NOW, comes the defendant, Raymond Kraynak, by his attorneys Thomas A. Thornton and Gerald A. Lord of the Federal Public Defender's Office, and files this Response to Government's Brief in Opposition to Defendant's Supplemental Brief in Support of his Motion *in Limine*.

## I. Introduction

Dr. Kraynak files this brief to succinctly respond to issues raised in the Government's recent filing (Doc 140).

II.    **Argument**

    **A. Good Faith**

Dr. Kraynak has not made any claim that he will be asserting a "good faith" defense. A "good faith" defense indicates that Dr. Kraynak did something wrong in his treatment of the patients charged in this case but made that mistake in "good faith". The Government has misapprehended the defense in this matter. Dr. Kraynak does not intend to ask for a "good faith" instruction because his prescriptions were issued in the normal course of practice and for a legitimate medical purpose. He was practicing medicine and helping patients.

Dr. Kraynak will present an expert witness, Dr. Carol Warfield, to explain that his practice was within the normal course of medical practice and had a legitimate medical purpose. Furthermore, Dr. Warfield will testify, as was noticed to the Government, that his practice was compatible with reputable doctors in the relevant medical community. He was not substituting his judgment for what he had been taught in school but following established practices that are accepted in the pain management community of doctors. While Government expert Dr. Thomas may be a reformed prescriber and now abolitionist regarding opioids, his way is not the only way. The practice of prescribing opioids has undergone a sea-change over the last 15 years. Pain management practices that were once easily accepted

are now challenged by gadflies and abolitionists such as Dr. Thomas. This is a matter of different doctors practicing in different ways, both of which are accepted in the medical community, not a question of "good faith".

Dr. Kraynak has not put any defense into contention by pleading not guilty to the Government's allegation that he was practicing outside the normal course of practice and that there was no legitimate purpose for his prescriptions. The Government's assertion of a possible "good faith" defense is premature and does not support the introduction of evidence in their case in chief. Such a preemptive strike could mislead and confuse the jury into believing that Dr. Kraynak is admitting that he did something wrong.

**B. Maintaining drug involved premises**

Much of the Government's argument for admitting the challenged evidence revolves around Counts 18 and 19 which charge that Dr. Kraynak's offices were "primarily or principally" drug sales businesses. If the court were to find that some of the challenged evidence is relevant to those 2 counts, then Dr. Kraynak would ask that Counts 18 and 19 be severed and tried separately. In that way, the jury could be shielded from this highly prejudicial and improper evidence while they are deciding the most significant charges in this matter.

### C. Administrative Licensing and Medical Board Actions

The Government continues to assert that the administrative licensing and medical Board actions should be admitted under F.R.E 404(b) even though Dr. Kraynak was not found to be doing anything wrong with his treatment or prescription practices. The problems noticed by BPOA and the Osteopathic Board were resolved without any finding that there were problems with Dr. Kraynak's controlled substance prescriptions. The problems they found involved notetaking and recordkeeping. There was no finding regarding the normal course of practice and legitimate medical purpose. There is no need for this evidence, and it will certainly cause confusion as it misleads the jury into thinking that the recordkeeping training indicates that Dr. Kraynak had abandoned his moral and ethical principles to become a drug dealer.

The Government is also trying to argue that Dr. Kraynak "continued to prescribe" combinations of medications inappropriately "after [these] complaints" to the BPOA and the Osteopathic Board by prescribing to RC, DH, AK, MI and CS. This statement is also misleading and confusing. The administrative licensing and medical boards did not make any ruling that Dr. Kraynak should stop his prescription practices. The Government should not be allowed to make claims that are not based in fact. The unfounded allegations are completely irrelevant and overwhelmingly prejudicial and must be excluded under F.R.E 404(b).

### D. Pharmacy records

The Government has once again made the claim that patients were asking for early refills of their prescriptions. The key fact the Government has left out in making this claim is that the patients who did this were not asking Dr. Kraynak for early refills, probably because they knew he wouldn't do it. Instead they were asking the pharmacists for early refills. Such evidence is irrelevant, misleading and highly prejudicial. It should be excluded under F.R.E 403 and 404(b).

### E. Health Integrity LLC for-profit algorithm

The Government continues to put forward the findings of an untested algorithm of unknown quality and reliability as a fact to be adopted by the jury. The cases cited in support are not similar to the matter of Dr. Kraynak because there is no evidence of a motive, profit or otherwise, for Dr. Kraynak to become a drug dealer instead of a doctor. The algorithm, the name of which should not be spoken, is a patent attempt to confuse and mislead the jury into believing that they do not have a decision to be make because it has already been decided by a computer.

### F. Charts and summaries

The Government's suggestion that they intend to present this objectionable evidence through charts and summaries does not change the objectionable nature

of the evidence. In fact, the charts and summaries also must survive hearsay and other objections.

### G. PDMP

The Government seeks to introduce the PDMP information to show an "intent and plan to distribute large amounts of controlled substances over an extended period" because of the "massive scale". The numbers provided in the Government's brief switch from counts of pills to dosage units in an apparent effort to generate eye-popping numbers. The relevance of this evidence to the 12 patients charged in the indictment is almost nonexistent while the possibility of improper prejudice, confusion of the issues, misleading the jury and wasting time is clear. Such evidence is also improper character evidence of other wrongs which is more prejudicial than probative as it will cause the jury to assign bad character to Dr. Kraynak from which they will assume that he acted in conformity with that bad character.

## III. Conclusion

For all the reasons stated above, those payments previously in these writings the contested evidence should be excluded.

Date:  July 8, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas A. Thornton* <br> Thomas A. Thornton, Esquire <br> Assistant Federal Public Defender <br> Attorney ID# 44208 <br> 100 Chestnut Street, Suite 306 <br> Harrisburg, PA  17101 <br> TEL: 717-782-2237 <br> FAX: 717-782-3881 <br> *thomas_thornton@fd.org* <br> *Attorney for Raymond Kraynak* | */s/Gerald A. Lord* <br> Gerald A. Lord, Esquire <br> Assistant Federal Public Defender <br> Attorney ID# PA49539 <br> 330 Pine Street, Suite 302 <br> Williamsport, PA 17701 <br> TEL: 570-323-9314 <br> FAX: 570-323-9836 <br> *gerald_lord@fd.org* <br> *Attorney for Raymond Kraynak* |

## CERTIFICATE OF SERVICE

Thomas A. Thornton and Gerald A. Lord, Assistant Federal Public Defenders, do hereby certify that this document, the foregoing **Response to Government's Brief In Opposition to Defendant's Supplemental Brief in Support of His Motion *in Limine*** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

>WILLIAM BEHE, ESQUIRE
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Harrisburg / Williamsport, Pennsylvania, addressed to the following:

>RAYMOND KRAYNAK

Date: July 8, 2021

| | |
|---|---|
| *s/Thomas A. Thornton* | *s/Gerald A. Lord* |
| Thomas A. Thornton | Gerald A. Lord, Esquire |
| Assistant Federal Public Defender | Assistant Federal Public Defender |